NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 9 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10547 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 1:12-cr-00056-AWI-BAM-1 |
| RICKY DAVIS, AKA Rick Dog, AKA Rick Loks, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted April 18, 2019
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and LYNN,[**] District Judge.

Ricky Davis appeals his sentence for sexually exploiting a minor in violation

of 18 U.S.C. § 2251(a). Davis argues that the district court's imposition of a prison

term of 300 months and Special Condition 8 were procedurally and substantively

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

erroneous, and that the restriction on adult pornography in Special Condition 8 is unconstitutional.

The district court did not abuse its discretion in sentencing Davis to 300 months of incarceration. *See United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir. 2008) (en banc). The record confirms that the district court evaluated the relevant 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense and the need to avoid unwarranted sentencing disparities. After completing this analysis, the district court imposed a sentence that was below the Guidelines range of 360 months. We conclude that there was no procedural error and that the sentence of 300 months is substantively reasonable.

However, Davis was not given appropriate notice of the portion of Special Condition 8, which limited Davis's access to adult pornography, prior to its imposition. *See United States v. Wise*, 391 F.3d 1027, 1033 (9th Cir. 2004). We thus conclude that the district court committed procedural error, and we vacate Special Condition 8 and remand for its reconsideration. Accordingly, we need not address the substantive reasonableness or constitutionality of this condition. *See United States v. Rudd*, 662 F.3d 1257, 1263–64 (9th Cir. 2011). On remand, however, Davis should have the opportunity to argue why Special Condition 8 is improper, including whether it is overbroad and infringes on his liberty more than is reasonably necessary to accomplish the relevant goals of § 3553(a).

**AFFIRMED** in part; **VACATED** and **REMANDED** in part.